CARR v. KIMBALL et al.

(Supreme Court, Appellate Division, First Department. January 8, 1909.)

PLEADING (§ 52*)—SEPARATELY STATING CAUSES OF ACTION.

Where a cause of action by a stockholder based on a contract with other stockholders as to plaintiff's rights to participate in the management of the corporation is joined with a cause of action based on plaintiff's rights as a stockholder, it is proper to require plaintiff to separately state and number his causes of action in the complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 113; Dec. Dig. § 52.*]

Appeal from Special Term, New York County.

Action by Walter C. Carr against Horatio G. Kimball and others. From an order requiring plaintiff to separately state and number the causes of action in the complaint, plaintiff appeals. Affirmed.

Argued before LAUGHLIN, CLARKE, HOUGHTON, SCOTT, and INGRAHAM, JJ.

James Gillin, for appellant.
Francis G. Caffey, for respondents.

SCOTT, J. The plaintiff appeals from an order requiring him to separately state and number causes of action.

The action is in equity, and the complaint, which is quite long, may

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

be summarized as follows: The Broun-Green Company is a domestic corporation whose capital stock is divided into 500 shares. The plaintiff and the individual defendants are each stockholders of the company. In November, 1896, Kimball owned or controlled the entire capital stock, and entered into an agreement (Exhibit A) whereby he employed Carr to serve the company for one year, agreed to give him an opportunity to purchase stock, and expressed an anticipation that Carr's connection with the company would become permanent. Pursuant to Exhibit A, Carr entered the employ of the company, and from February 1, 1897, was its treasurer, and from January 16, 1899, was a director, and its secretary until January 20, 1908. On January 2, 1900, Kimball, still owning or controlling all the stock, entered into a contract with Carr (Exhibit B), whereby he sold Carr 200 of the 450 shares standing in his, Kimball's, name, and gave Carr three years in which to pay for the same. This agreement also provided that during the three-year period Kimball and Carr should vote their stock so that both of them should be elected directors, and both should be employed by the company at salaries of $7,500 to Kimball and $5,000 to Carr, or in that proportion to the earnings of the company. The plaintiff performed his parts of Exhibits A and B, and the company greatly prospered from the time he entered its business until January 20, 1908. During all this period, down to January 20, 1908, Kimball and Carr treated Exhibits A and B as continuing agreements, and drew salaries and compensation from the company approximately proportioned to their stock holdings, as fixed by Exhibit B, and jointly managed the business. All the individual parties to this action either represent or are factors for Carr or Kimball. Defendant Lucretia M. Carr is the wife of the plaintiff, and the stock standing in her name belongs to plaintiff. Defendant Lawton is a dummy for Kimball, merely holding stock to qualify him as a director. Defendants Whinnemore and Ryan are employés of the company dependent on Kimball for the amount of their compensation, and both of them received their stock as gifts from Kimball. For these reasons Kimball is able to dominate all the stockholders except the plaintiff and his wife. At the annual meeting of the stockholders on January 20, 1908, Kimball, Lawton, and Whinnemore were elected directors by vote of their and Ryan's stock, and the directors elected officers without re-electing Carr, and Carr has since been prevented thereby from continuing to participate in the conduct of the company's business.

The action of Kimball in not voting the stock he owned and controlled was in violation of his contract to retain Carr as a director and officer of the company, and to permit Carr to enjoy co-jointly with him the emoluments from the corporation by way of salary and extra compensation. Such actions of Kimball in excluding Carr from the management were for Kimball's personal advantage; and in violation of Kimball's duty as a trustee for the stockholders. From the time the contract, Exhibit B, was entered into between Kimball and Carr in January, 1900, down to January 20, 1908, the ratio of salaries fixed by that agreement, $7,500 for Kimball, and $5,000 for Carr, was substantially maintained, though there were slight modifications by mutual consent, and during the past two years their salaries have been

$9,000 to Kimball and $6,000 to Carr. Prior to the stockholders' meeting on January 20, 1908, Kimball informed Carr that he intended to exclude him from official connection with the corporation as an officer or director, and threatened to raise his own salary to $12,000. At the meeting of the directors on January 20, 1908, the salary of Kimball as president was fixed at an amount in excess of its actual or market value, and in the absence of the agreement, Exhibit B, the salary of $9,000, which previous to January 20, 1908, was fixed for Kimball, is more than the services of Kimball are reasonably worth to the company.

The prayers are:

(1) That the stockholders' and directors' meetings of January 20, 1908, be nullified.

(2) That the officers holding their positions prior to that date be reinstated.

(3) That the defendants be enjoined from interfering with Carr as an officer.

(4) That Kimball be enjoined from voting his stock inconsistent with retaining Carr in office.

(5) Or inconsistent with retaining Carr at a salary proportionate to Kimball's as provided in Exhibit B.

(6) That in the event Kimball be retained in office as president, pursuant to the acts of the directors' meeting of January 20, 1908, his salary be reduced so that he shall receive a reasonable compensation, to be determined by the court.

(7) That Kimball be required to specifically perform Exhibit B.

(8) For an injunction pendente lite.

(9) For general relief.

It is apparent that this is not the case of a complaint seeking for alternative relief upon the same state of facts, as were those in the authorities cited by the appellant. On the contrary, the alternative relief is asked for upon quite different facts, and, so asking, the plaintiff sues in different capacities. As an individual he sues to enforce his rights under the contracts between himself and the defendant Kimball, claiming under these contracts to be entitled to participate in the management of the company as an officer and director, and to receive a salary proportionate to that received by Kimball. It is upon the theory that the contracts are still valid and subsisting that he asks to have the several acts set aside which as he alleges have deprived him of the rights secured by those contracts. The facts alleged in this behalf have no relation or bearing upon his claim that Kimball's salary is too large, and should be reduced. In asserting that claim, he speaks as a stockholder, independent of any contract with Kimball, and proceeds upon the theory that the payment of an excessive salary to Kimball is a waste of the assets of the corporation, and therefore injurious to plaintiff as a stockholder. The facts alleged in this behalf have no bearing upon or relation to the claim that plaintiff is entitled to be continued as a director and salaried officer of the company. The two causes of action are quite distinct, and rest upon

different allegations of fact, and will require to be supported by different proofs.

The order appealed from was right, and must be affirmed, with $10 costs and disbursements. All concur.